**DLD-182**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1478
_____

SCOTT J. BINSACK, SR.,
                                        Appellant,

v.

LACKAWANNA COUNTY PRISON; L.A.C.
COMMISSIONERS, Individual & Official Capacity;
L.A.C. PRISON BOARD, Individual & Official
Capacity;  WARDEN JENANE DONATE, Individual
& Official Capacity; D.W. TIM BETTI, Individual
& Official Capacity; D.W. PRICHARD, Individual
& Official Capacity; CAPTAIN CHIARELLI,
Individual & Official Capacity; LT. CARROLL,
Individual & Official Capacity; C.O. JOE DOMINICK,
Individual & Official Capacity; C.O. MAGOOSI,
Individual & Official Capacity; C.O. JASON RAPFORD,
Individual & Official Capacity; CORRECTIONAL
CARE INC, Individual & Official Capacity;
DR. EDWARD ZALOGA, M.D., C.E.O., Individual
& Official Capacity; JOHN AND JANE DOE
MEDICAL PROVIDERS NURSES AND DOCTORS,
Individual & Official Capacity; C.O. FRANK DOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-10-cv-00535)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

May 12, 2011

Before: BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 21, 2011  )
_____

OPINION
_____

PER CURIAM

Appellant Scott Binsack, Sr., a state prisoner, initiated a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania against numerous defendants by filing a title page to a complaint.  In response to the Magistrate Judge's order to file an actual complaint, Binsack filed a Complaint and "Exhibits," <u>see</u> Docket Entry Nos. 20-21, totaling almost two hundred pages.  Binsack named 15 defendants and alleged federal constitutional violations and violations of state law.  He appeared to assert, at least in part, that, while detained at the Lackawanna County Prison prior to being transferred to a state facility, he was denied medical care for a period of about a week, inappropriately placed on suicide watch, and assaulted by other inmates after they attempted to extort money from him.  He may also have alleged a retaliation claim.  But most of the Complaint went into great detail about what Binsack believed to be a smuggling operation at the county prison involving tobacco, drugs, and cellular telephones, and Binsack's belief that he had been identified as a snitch.  The

2

"Exhibits" contained additional narrative purportedly of a factual nature, copies of Sick Call Requests in which Binsack sought medication for his acid reflux, a letter requesting that defendant Dr. Zaloga refer him to an eye specialist for his pre-existing macular degeneration, and certain other items of questionable relevance.

The Magistrate Judge initially attempted to secure pro bono counsel for Binsack but no attorney was willing to take the case. The complaint was served on the defendants. Several of the defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted. Certain other of the defendants, specifically, the medical defendants, moved for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). After reviewing the defendants' various arguments, the Magistrate Judge filed a Report and Recommendation, in which he determined that the legal sufficiency of the complaint could not be determined without a more definite statement. Citing Fed. R. Civ. Pro. 8(a)(2), the Magistrate Judge concluded that Binsack's complaint, although voluminous, was vague and ambiguous, and that he had failed to provide a short and plain statement of each claim against each defendant: the defendants could not meaningfully respond to his complaint. The Magistrate Judge recommended that Binsack be ordered to file an amended complaint that complied with Rule 8(a).

The District Court adopted the Report and Recommendation, and ordered Binsack to file an amended complaint that complied with Rule 8(a) and that provided a more definite statement of claims. Binsack was warned that failure to do so could result in dismissal of his action. About six weeks later, when no amended complaint had been filed, the Magistrate Judge recommended that the action be dismissed pursuant to Rule 8(a). In an order entered on February 4, 2011, the District Court dismissed the action under Rule 8(a).

Binsack appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Binsack leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the District Court's dismissal of a complaint under Rule 8 for an abuse of discretion. See In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

4

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re: Westinghouse Sec. Litig., 90 F.3d at 702 (citation omitted).

We agree with the Magistrate Judge that Binsack's complaint was anything but "simple, concise, and direct." Fed. R. Civ. Pro. 8(d)(1). It is so excessively voluminous and unfocused as to be unintelligible. The compliant defies any attempt to meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted deliberate indifference on their part, or whether Binsack intended to also include a count that correctional officials failed to protect him from other inmates. Moreover, his voluminous exhibits, do not, without the required "short and plain statement," communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).

The District Court granted Binsack leave to amend, and the Magistrate Judge gave him clear instructions on what was needed to cure the complaint's deficiencies. Despite these instructions, and his previous assertion (in his motion for appointment of counsel) that he had a good knowledge of the law, Binsack did not amend his complaint or even

5

attempt to clarify his claims. We note that Binsack had notice that failure to file an amended complaint in compliance with the court's directions could result in dismissal of his action. Moreover, he was well aware of the Magistrate Judge's concern with his unintelligible filings because, early in the litigation, the Magistrate Judge struck from the docket 48 items he filed without authorization purporting to be "exhibits" or "declarations." See Docket Entry No. 77. For these reasons, the District Court did not abuse its discretion in dismissing the complaint for failure to comply with Rule 8.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).