BLD-029                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2463
_____

THOMAS M. BOLICK, II; EILEEN B. BOLICK,
Appellants

v.

NORTHEAST INDUSTRIAL SERVICES CORPORATION; WILLAM R WILLIAMS;
JEFF KURTZ, Individually and d/b/a Jeffs Recycling; MOUNT CARMEL BOROUGH;
BALLARD SPAHR LLP; DANIEL MCKENNA, Esq.; BALLARD SPAHR ANDREWS
& INGERSOLL, LLP; DFS SERVICES, LLC, f/k/a Discover Financial Services;
DISCOVERY BANK OF DELAWARE; NORTHUMBERLAND COUNTY;  THE
NEWS ITEM NORTH ROCK & COMMERCE STS; THE SCRANTON TIMES;
TRIBUNE; JOHN DOES; JANE DOES 1 through 10; HONORABLE ROBERT B.
SACAVAGE; EDWARD T. CUFF, Manager; JUDGE CHARLES H. SAYLOR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:14-cv-00409)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before: AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2016)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

————

PER CURIAM

Pro se appellants Thomas and Eileen Bolick pursued numerous state and federal claims in the District Court, eventually settling on a second amended complaint that raised thirty counts. That complaint cited numerous and disparate alleged factual predicates for relief, including the demolition of property that the Bolicks owned, a dispute arising out of their use of a Discover credit card, defamation by news publications, misconduct of a state-court judge, torts by municipal officials and employees, and a wide-ranging conspiracy and racketeering enterprise. Six groups of defendants filed separate motions to dismiss the second amended complaint.

After the parties briefed those motions, the Magistrate Judge recommended that the District Court dismiss the complaint on two independent bases. First, the Magistrate Judge concluded that the second amended complaint did not comply with Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1). Report and Recommendation, D. Ct. Doc. No. 117 at 8. In particular, the Magistrate Judge stated that the Bolicks failed to "simply, concisely, and directly allege what their claims are, which facts support those claims, and which Defendants the claims are asserted against, leaving the Defendants to parse through the 95-page complaint and 29 pages of attached exhibits and 'guess what of the many things discussed constituted [a specific cause of action against them].'" Id. at 9 (quoting Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (not precedential)). Second, the Magistrate Judge put forth her best effort to discern the

2

nature of each of the Bolicks' claims, and set forth an independent reason for dismissal of those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). After the Bolicks objected to the report and recommendation in multiple filings, the District Court adopted the Magistrate Judge's analysis in full, granted the defendants' motions to dismiss, and dismissed the Bolicks' federal claims with prejudice. The District Court also followed the Magistrate Judge's recommendation to dismiss the Bolicks' state law claims without prejudice to refile them in state court. See 28 U.S.C. § 1367(c)(3).

Thereafter, the Bolicks timely moved for reconsideration of the District Court's dismissal order. The District Court denied the motion for reconsideration on the ground that the Bolicks sought only to re-litigate the dismissal ruling, and had not put forth any new evidence or shown that any manifest error of law or fact had occurred.

This appeal followed. On appeal, certain of the defendants moved for summary affirmance pursuant to Third Circuit Local Appellate Rule 27.4 and Third Circuit Internal Operating Procedure 10.6. The Bolicks then filed a response opposing affirmance and in support of their appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a Rule 12(b)(6) motion to dismiss, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), but we review the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8 for an abuse of discretion, In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). We review the District Court's denial of a motion for reconsideration for an abuse of

3

discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). "[I]n deciding a motion to dismiss, all well-pleaded allegations. . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe the Bolicks' pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and we may affirm the District Court's judgment on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Summary action is appropriate when, as here, the appeal presents no substantial question. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The Bolicks' claims here were prolix and vague; they were not "'simple, concise, and direct.'" See Westinghouse Sec. Litig., 90 F.3d at 702 (quoting Rule 8(d)(1)). Nor did the complaint set out "a short and plain statement of [any] claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); see also Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (A complaint must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]") (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). As a result, the second amended complaint did not provide the

4

defendants with the requisite fair notice of the claims against them. For example, the complaint is too voluminous and unfocused to be intelligible as to which claims pertain to which defendants; indeed, the complaint nearly always refers throughout to the "defendants" as a whole without alleging which defendant or defendants performed which actions. As another example, the complaint names numerous parties and narrates various events that have no apparent connection to or among each other. Also, the complaint consists primarily of a lengthy factual narrative that is unconnected to any potential claim that the Bolicks wish to bring, combined with vague and conclusory assertions of liability. The complaint is rife with irrelevant facts that, even if accepted as true, do not satisfy the elements of any of the causes of action it attempts to raise.

We will not affirm, however, solely on the basis of the Bolicks' failure to comply with the requirements of Rule 8. Rather, we also consider the Magistrate Judge's attempt to discern what claims the Bolicks intended to plead and we evaluate whether those claims were subject to dismissal under Rule 12(b)(6) for the failure to state a claim upon which relief could be granted. Based on our review of the second amended complaint, there is no substantial question that the District Court did not err when it granted the defendants' motions to dismiss the second amended complaint, substantially for the reasons set out in the Magistrate Judge's report and recommendation.

As an initial point, the Bolicks have sued both a number of private individuals and entities and also numerous government officials and state entities. As pleaded, the Bolicks' complaint fails categorically to state a claim against several of these parties.

5

The Bolicks, who pursued relief under 42 U.S.C. § 1983, were required to plead that the private individuals' and entities' conduct amounted to state action, but they failed to do so.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).  And when naming individual government officials or employees, the Bolicks repeatedly failed to set out those parties' personal involvement in the alleged violations, as § 1983 requires—vicarious liability is not enough.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Relatedly, for claims brought against municipal entities, the Bolicks were required to plead that a municipal policy, custom, or practice led to the purported constitutional violations at issue, but they failed to plead facts sufficient to identify any such policy, custom, or practice.  See Connick v. Thompson, 563 U.S. 51, 60-61 (2011).  Finally, the claims against the judicial defendants for performance of their duties are barred by absolute judicial immunity.  See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

An additional problem dooms many of the claims brought against various parties in this case: the Bolicks have attempted to re-litigate matters that have already been decided in previous cases.  As the Magistrate Judge explained, to the extent that the Bolicks have sued in federal court to complain of injuries brought about by prior state court judgments, the District Court had no jurisdiction to hear challenges to those judgments.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting out the parameters of the Rooker-Feldman doctrine).  The Magistrate Judge also identified numerous prior cases in which the Bolicks did raise or

6

could have raised several of the claims that they have attempted to bring in this litigation. The Magistrate Judge was correct to conclude that res judicata bars those claims in this case. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81-83 (1984); Nevada v. United States, 463 U.S. 110, 129-30 (1983) ("res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy . . ., not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose'") (citation omitted).

To the extent that the above-discussed categorical deficiencies arguably might not apply, we will comment briefly on the viability of certain of the Bolicks' claims as additional grounds for affirmance. First, to the extent that the Bolicks could have raised claims concerning the demolition of their property against a proper defendant in federal court, those claims still fail. We agree with the Magistrate Judge that the Bolicks' claims related to that demolition are unripe to the extent that they raise constitutional violations under the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. See Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001) (holding that "'if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Takings] Clause until it has used the procedure and been denied just compensation.'") (quoting Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985)); Taylor Inv., Ltd., v. Upper Darby Twp., 983 F.2d 1285, 1292-94 (3d Cir. 1993). The Bolicks

7

did not plead facts sufficient to allege their use of procedures as set out in the Eminent Domain Code of Pennsylvania, so these claims were subject to dismissal as premature.

Second, to the extent that the Bolicks have argued that any person or entity took action against them in retaliation for the exercise of their First Amendment rights, that argument fails. The Bolicks have not pleaded facts to sufficiently allege that any of their actions were causally connected to the adverse actions that they allegedly endured after exercising their right to free speech. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Third, the Bolicks' antitrust claims fail. As the Magistrate Judge explained, 15 U.S.C. § 35(a) bars the antitrust claims as pleaded here against the municipal entities. As for the antitrust claims against the law firm Ballard Spahr, their representation of their client Discover Card did not, as pleaded in the Bolicks' complaint, amount to the kind of "sham litigation" that the antitrust laws can reach. See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 51, 56 (1993).

Fourth, the Bolicks' attempts to use the federal statutes barring civil conspiracies and racketeering to maintain their case in federal court all fail. Both the allegations of a wide-ranging conspiracy and also the allegations of a pattern of racketeering activity among the defendants are wholly conclusory. No specific fact is alleged that could establish a conspiracy or a racketeering enterprise. See Iqbal, 556 U.S. at 682.

For these reasons, there is no substantial question that the Bolicks' second amended complaint failed to state a claim upon which relief could be granted. In

8

addition, we agree that providing the Bolicks leave to file a third amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing their second amended complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Furthermore, the Bolicks failed to show that their motion for reconsideration of the dismissal of their complaint was brought "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It was therefore not an abuse of discretion for the District Court to deny that motion.

Consequently, we grant the motion to summarily affirm and will affirm the District Court's judgment.